**SO ORDERED.**

**SIGNED this 02 day of October, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

PAMELA JUNE TESTA,                    CASE NO. 09-01446-8-JRL
                                       CHAPTER 7
    DEBTOR.

_____

### ORDER

This matter came before the court on the debtor's motion for abandonment of property and the trustee's objection and motion to compel turnover of property. A hearing was held on September 11, 2012 in Raleigh, North Carolina.

### BACKGROUND

Pamela June Testa ("debtor") filed her voluntary petition under chapter 13 of the Bankruptcy Code on February 24, 2009. After making her final payment under her chapter 13 plan of reorganization, the debtor converted her case to one under chapter 7 on March 26, 2012 (the "conversion date"). Thereafter, the chapter 7 trustee was appointed. According to the debtor, the conversion was to shield her from exposure to any liability associated with real property located at 15809 Fairfield Drive, Matthews, NC 28104 ("Matthews real property"). The Matthews real

property was encumbered by a note and deed of trust originally held by Countrywide Bank, FSB, now Bank of America, N.A. ("Bank of America"), which was to be paid directly to Bank of America under the debtor's chapter 13 plan. The debtor's son and daughter-in-law were living at the Matthews real property and agreed to pay the ongoing monthly obligations. Although the monthly payments were made by the debtor's son and daughter-in-law, she remained obligated to Bank of America on the note and deed of trust. In July 2011, the couple began experiencing marital difficulties, causing them to separate and cease making the monthly payments on the Matthews real property. As a result, the debtor began receiving delinquency notices and correspondence from Bank of America indicating its intent to foreclose on the Matthews real property.

After filing her chapter 13 petition, but before the conversion date, the debtor received an inheritance from her uncle, Rudolph Kapps ("Kapps"). Kapps passed away on July 13, 2011, which was during the pendency of the debtor's chapter 13 bankruptcy. The debtor received the following distributions from Kapps' estate: (1) $10,040.57, as proceeds of a life insurance policy with Prudential Life Insurance; (2) $38,227.69, as proceeds of a life insurance policy with Midland National Life Insurance Company; (3) $23,451.17, as proceeds of a life insurance policy with Fidelity & Guaranty Life Insurance Company; (4) an undivided one-half interest in real property located at 2853 SW Versailles Terrace, Stuart, FL 34997 ("Stuart real property");[1] and (5) shares in Piedmont Office Realty Trust worth approximately $4,354.58 ("Piedmont shares") (collectively "distributions"). In August 2011, the debtor began living in the mobile home located at the Stuart

---

[1] At the Rule 2004 examination, the debtor testified that prior to the conversion date, she and her brother, Clark J. Hower ("Hower"), attempted to convey the remaining one-half interest in the Stuart real property to the debtor by handwritten quitclaim deed recorded January 18, 2012.

real property.  From these distributions, the debtor used $8,000.00 to purchase a 2008 Pontiac G6 and made gifts of $10,000.00 to her daughter and $5,000.00 to a friend in Texas.  The debtor also made continuous cash gifts to her son for living expenses and to support his son, the debtor's grandson.[2]  The debtor also purchased a bedroom and mattress set, two television sets and flooring for the mobile home at the Stuart real property.

The debtor did not inform counsel or the chapter 13 trustee of the inheritance or the distributions she had received.  Similarly, counsel for the debtor did not become aware of the inheritance or the distributions until after the conversion date.  On March 26, 2012, the debtor gave notice of the conversion of her case to chapter 7.  The distributions were not disclosed as property acquired after the filing of her chapter 13 petition.  In her interrogatories in lieu of attendance at the § 341 meeting of creditors, the debtor stated that the Stuart real property was her current address, which she inherited from Kapps on July 13, 2011.  On July 13, 2012, the trustee conducted a Rule 2004 examination of the debtor, where the full inheritance and postpetition purchases, transfers and gifts were revealed.  On July 16, 2012, the debtor filed an amended notice of conversion listing the inheritance and the purchases she made with the distributions as property acquired after the filing of her chapter 13 petition.

## DISCUSSION

Section 348(f) of the Bankruptcy Code states:

> (1) Except as provided in paragraph (2), when a case under Chapter 13 of this title . . . is converted to a case under another chapter under this title –
>    (A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on

---

[2] The debtor's grandson begun living with her in September 2011.

>        the date of conversion;
>
>        . . . .
>
>        . . . .
>
>    (2) If the debtor converts a case under chapter 13 of this title . . . to a case under another chapter under this title in bad faith, the property of the estate in the converted case shall consist of the property of the estate as of the date of conversion.

11 U.S.C. § 348(f).  The plain language of § 348(f)(2) requires that the conversion itself be in bad faith.  <u>In re Bell</u>, 225 F.3d 203, 217 (2d Cir. 2000); <u>see</u> <u>Warren v. Peterson</u>, 298 B.R. 322, 327-28 (N.D. Ill. 2003) (emphasizing that the timing of conversion alone does not prove that it was the product of bad faith).

At the hearing, the trustee relinquished his argument that the conversion itself was made in bad faith or based on an ulterior motive.  The record before this court supports the debtor's assertion that the conversion was to shield herself from liability associated with the Matthews real property and provides no evidence that the conversion was the result of bad faith.  She could not accomplish the same result by modifying her chapter 13 plan because she had made her last payment under the plan, and any deficiency claim resulting from the Matthews real property would have been a long-term debt excepted from the chapter 13 discharge.  Additionally (although this court has subsequently held to the contrary in <u>In re Zietchick</u>, Case No. 09-05821-8-JRL, 2011 WL 5909279 (Bankr. E.D.N.C. Sept. 23, 2011)), the debtor had been informed by the chapter 13 trustee that only an inheritance received within 180 days of filing became estate property; she did not covert her case to protect the bequest from her uncle's estate.  Accordingly, the court finds that the debtor's conversion was not made in bad faith and the proceeds of the life insurance policies and the Piedmont shares the debtor inherited from the Kapps estate do not constitute property of the estate.

Alternatively, the trustee asserted that the debtor's prepetition ownership of an undivided one-half interest in the Rudolph Kapps Revocable Trust ("revocable trust") constitutes property of the estate in her chapter 7 case. The revocable trust named Kapps as trustee and the debtor and Hower as co-beneficiaries. The corpus of the revocable trust consisted of the Stuart real property, which was transferred to Kapps, as trustee of the revocable trust by warranty deed recorded on June 3, 2004. By its terms, the trust may be amended, altered, modified or changed by the settlor at any time prior to his death. Regardless of the debtor's knowledge of her property interest in the revocable trust, the trustee takes the position that the debtor's one-half undivided interest in the revocable trust preceded the chapter 13 petition date and constitutes an asset of the bankruptcy estate pursuant to § 348(f)(1)(A). Based on the limited record and counsel's arguments, the court denies the debtor's motion to abandon as to the Stuart real property. Whether the trustee's position is correct will be determined in future proceedings.

## CONCLUSION

Based on the foregoing, debtor's motion for abandonment is **DENIED IN PART** and trustee's motion to compel turnover is **DENIED.**

## END OF DOCUMENT